1    E. JEFFREY GRUBE (SB# 167324)
     SANA SWE (SB# 173024)
2    ANNETTE M. RITTMULLER (SB# 211882)
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
3    55 Second Street
     Twenty-Fourth Floor
4    San Francisco, CA  94105-3441
     Telephone:  (415) 856-7000
5    Facsimile:  (415) 856-7100

6    Attorneys for Defendant
     UNITED PARCEL SERVICE, INC.
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11    THOMAS FRAZIER,           CASE NO. CIV-F-02-6509 OWW LJO

12             Plaintiff,      **ORDER GRANTING IN PART, AND**
                            **DENYING IN PART, MOTIONS IN**
13        vs.                  **LIMINE**

14    UNITED PARCEL SERVICE, INC., JOHN
     ACHA, STEVE JOHNSON, and DOES 1
15    through 20, inclusive,

                              Judge:      Hon. Oliver W. Wanger
16           Defendant.

17

         The parties' Motions *In Limine* came on for hearing before this Court.  Counsel for
18

parties appeared and argued before this Court.  The Court, having read and considered the motion
19

and all papers and pleadings on file herein, and the oral argument of counsel, hereby Orders:
20

21                  **Plaintiff's Motions *In Limine***

22

23           (1)      Evidence Regarding Prior Discipline.  *Withdrawn.  The issue was resolved*
24
*by stipulation.*  The parties submitted the Stipulated Proposed Order Regarding Evidence Of
25
Discipline And Alleged Discrimination Prior to March 30, 2001 on August 10, 2005.  The motion
26
is subsumed by the stipulated order.
27

28

PDF created with pdfFactory trial version www.pdffactory.com

(2)      <u>Witness Sequestration and Gag Order</u>.  *Granted in part*.  Witnesses are ordered not to discuss their testimony with each other.  Attorneys are prohibited from coaching or attempting to educate or influence any witness by referring to the testimony of another witness during the pendency of the trial.  The Court orders the witnesses sequestered until there is no possibility of their recall to the courtroom.  At that time, they may enter the courtroom.  *Denied in part.*  Defendant may have a designated company representative present during the trial even though he is a witness in the case.  Defendant has designated Steve Johnson as the company representative.

(3)      <u>Signing of Deposition Transcripts by Witnesses</u>.  *Denied.*  The Court will not require witnesses to sign deposition transcripts or deem that they have been signed.  The Court will allow the parties to refer to the portion of the testimony where the witness was duly sworn and the informed that the testimony will be given under oath.

(4)      <u>Use of Demonstrative Exhibits</u>.  *Granted*.  The Court has already ruled that the parties will not present any exhibits to the jury until after they have been marked, shared with the other side, and if an objection is raised, ruled on by the Court.  If there is no objection, the Court need not review the demonstrative exhibit.

(5)      <u>Personnel Records of other Employees</u>.  *Granted*  based on the Court's understanding that the parties will follow the law, *i.e.,* Defendant will continue to protect the privacy of employee records.

(6)      <u>Impeachment of Witness with Information Learned from Interviews</u>. *Denied*.  The Court will rule on objections as they are raised during trial.

(7)      <u>Evidence of Workers' Compensation and Unemployment Insurance Payments</u>.  *Granted*.  The issue will not be raised before the jury.  However, if Defendant can

PDF created with pdfFactory trial version www.pdffactory.com

show that any payment has been made to compensate for any damage recovered in this lawsuit, the Court will hear argument regarding offset if the affirmative defense was asserted.  The parties are prohibited from referencing the issue of offset or workers' compensation and unemployment insurance recovery in the presence of the jury.  Similarly, pursuant to Federal Rule of Evidence 403, the motion is granted as to Plaintiff's purported admission that he was terminated because he filed a 132a claim.  The parties are prohibited from referencing this admission in the presence of the jury.

(8)     Alternative Sources of Emotional Distress.  *Withdrawn.*

(9)     Reference to Dismissed Claims Against Individual Defendants.  *Granted* based on the parties' agreement.

(10)     Reference to Dismissed or Abandoned Claims.  *Granted* based on the parties' agreement.

(11)     Evidence of Plaintiff's Character.  *Granted in part*.  Defendant is precluded from gratuitous disparaging remarks or evidence suggesting that Plaintiff is an angry man or a trouble maker.  However, the parties are entitled to present evidence of the factual background regarding the disciplinary incidents identified in the stipulation between the parties as well as evidence of the factual background and reasons for Plaintiff's disciplinary letters on March 30, 2001 and April 17, 2001.

(12)     Defendant's Defenses.  *Granted in part* as amplified by the parties' stipulation.  Affirmative defenses that were pled and included in the pretrial order that are issues for the jury to decide, such as mitigation, will go to the jury if supported by the evidence.  The Court will instruct the jury regarding the law to be applied.   Issues of law will be decided by the

Case No. Civ-F-02-6509 OWW LJO                    -3-                    ORDER RE MOTIONS IN LIMINE

PDF created with pdfFactory trial version www.pdffactory.com

1    Court.  The parties have agreed and the Court agrees that Defendant may raise the affirmative

2    defenses in a Rule 50 motion after the trial or on appeal.

3

4            (13)    Self-Serving Writings.  *Withdrawn*.

5

6            (14)    Post-Verdict Remedies.  *Granted* based on the agreement of the parties.

7

8            (15)    Hearing Regarding the Qualifications of Defendant's Expert.  *Denied*

9    without prejudice.  The Court will rule on objections at trial.

10

11           (16)    Expert Testimony Regarding Ultimate Issues.  *Denied* without prejudice.

12   Expert witnesses may testify regarding their opinion on ultimate issues.  However, the parties are

13   precluded from introducing expert opinions or lay opinions in the form of legal conclusions.

14

15           (17)    Advice of Counsel Defense.  *Granted* based on non-opposition.

16

17           (18)    Other Discrimination Investigations.  *Withdrawn*.

18

19           (19)    "Character" Evidence Regarding James Wood, John Acha, and Steve

20   Johnson.  *Granted without prejudice* based on representation that evidence of good character will

21   be offered only in rebuttal.  If Plaintiff raises the issue, Defendant may respond.

22

23           (20)    Workers' Compensation File.  *Granted* as referenced in ruling regarding

24   Plaintiff's Motion in Limine 7.

25

26           (21)    Witness Statements Obtained During Investigation.  *Granted* based on

27   Defendant's representation that it does not intend to use any written statement that has not been

28   disclosed.

PDF created with pdfFactory trial version www.pdffactory.com

1    (22)   Court's Ruling On Summary Judgment. *Granted* based on the parties'

2    agreement, as with Plaintiff's Motion in Limine No. 10.

3

4    (23)   Plaintiff's Failure to Utilize Defendant's Complaint Procedures. *Granted*

5    *in part.* Defendant may rely upon, refer to, and present evidence regarding an affirmative defense

6    that was pled and included in the pretrial order.  To the extent an affirmative defense was not pled

7    or included in the pretrial order, Defendant may not rely upon or present evidence regarding that

8    defense.

9

10   (24)   Exclusion of Non-Designated Expert Testimony.  Plaintiff argued that the

11   motion sought to exclude non-designated experts regarding human resources or collective

12   bargaining issues. *Granted in part* to the extent that the parties are precluded from introducing

13   expert opinions or lay opinions in the form of legal conclusions.

14

15   (25)   Unplead defenses. *Granted.*  Defendant may not reference or present

16   evidence regarding unplead defenses.  In addition, Plaintiff may not reference or present evidence

17   regarding unplead claims.

18

19   (26)   Union Grievance Proceeding As Sole And Exclusive Remedy. *Granted.*

20   Defendant is precluded from arguing that Plaintiff's claim is barred because the Union and

21   Defendant upheld the discharge.  The Court already ruled on this issue on summary judgment.

22

23   (27)   Evidence of "Good Cause" for Plaintiff's Termination. *Granted in part.*

24   Defendant is precluded from using the term of art "good cause." *Denied in part.*  Defendant may

25   argue and introduce evidence regarding the reason for the discharge letters and the manner in

26   which the Company handled them.  In addition, Defendant may introduce the collective

27   bargaining agreement, identify the relevant sections, and introduce evidence that the Company

28

Case No. Civ-F-02-6509 OWW LJO                                    ORDER RE MOTIONS IN LIMINE

PDF created with pdfFactory trial version www.pdffactory.com

1   followed the terms of the agreement.  Defendant may identify a section which uses the term

2   "good cause", but may not testify or make arguments to the jury using that term of art.

3

4                (28)     Foundational Hearing Regarding Defendant's Investigation of Plaintiff's

5   Alleged Complaints of Discrimination.  *Withdrawn*.

6

7                (29)     UPS's Customs, Practices, and Policies.  *Withdrawn*.

8

9                (30)     Plaintiff's Work Habits.  *Granted*.

10

11                (31)     "Meeting Minutes" of Management Relating to Plaintiff's Termination.

12   *Withdrawn*.

13

14                (32)     Parol Evidence.  *Denied*.  The Court will rule on objections as they are

15   raised.

16

17                (33)     Labor Code § 132a Petition and Plaintiff's Unemployment Insurance Claim

18   Form.  *Granted*.

19

20                (34)     Plaintiff's Marital Status and Child Support Obligations.  *Granted in part

21   without prejudice.*  Defendant is precluded from using the words "divorce" and "child support."

22   *Denied in part.*  Defendant is entitled to cross-examine regarding additional stressors during the

23   relevant time period.  Defendant may inquire whether Plaintiff amicably parted with his ex-wife

24   and whether the parting caused him stress.  If Defendant has a good faith basis based on a prior

25   answer in deposition, the Court will consider whether Defendant may inquire further if Plaintiff

26   denies other stressors.  Defendant could inquire regarding the extent of the stress, how severe it

27   was, whether it was disabling, and whether Plaintiff missed work because of it.

28

PDF created with pdfFactory trial version www.pdffactory.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(35)   Plaintiff's Driving Record.  *Granted.*

(36)   Letter from Ritchie Trucking Service.  *Granted.*

(37)   Working Discharges.  *Withdrawn.  The issue was resolved by stipulation.* The parties submitted the Stipulated Proposed Order Regarding Evidence Of Discipline And Alleged Discrimination Prior to March 30, 2001 on August 10, 2005.  The motion is subsumed by the stipulated order.

(38)   Plaintiff's Refusal to Participate in the Grievance Procedure.  *Denied.*

(39)   Joint Union-Company Panel Arguments.  *Withdrawn.*

(40)   Plaintiff's Use of Profanity in the Workplace. *Granted in part.  Denied in part.*  The parties may refer to evidence as agreed upon in the Stipulated Proposed Order Regarding Evidence Of Discipline And Alleged Discrimination Prior to March 30, 2001 on August 10, 2005.

(41)   Wood's Lack of Knowledge of Plaintiff's Complaints.  *Denied.*

(42)   Defendant's Expert Testimony Regarding Mitigation.  *Denied* without prejudice.  The Court will rule on objections at trial.

(43)   Plaintiff's Accusation of Wood Being A Bigot or Racist.  *Denied.*  The Court will rule on objections.  However, the parties may not raise the issue in opening statements.

(44)   Disciplinary Records Since 2000.  *Withdrawn.  The issue was resolved by stipulation.*  The parties submitted the Stipulated Proposed Order Regarding Evidence Of

Case No. Civ-F-02-6509 OWW LJO

-7-

ORDER RE MOTIONS IN LIMINE

PDF created with pdfFactory trial version www.pdffactory.com

1   Discipline And Alleged Discrimination Prior to March 30, 2001 on August 10, 2005.  The motion

2   is subsumed by the stipulated order.  Plaintiff seeks a limiting instruction.  The Court will

3   consider a limiting instruction consistent with the Court's ruling that the evidence of prior history

4   of workplace relations shows that not only were they working discharges, but that there was

5   interaction and disagreement between the Plaintiff and Defendant both before and after the 1999

6   accident.  The limiting instruction will explain that the jury cannot consider the prior history to

7   decide the issue of the termination itself because it was not a stated reason for termination.  The

8   parties are to propose a limiting instruction after meeting and conferring.

9

10              **Defendant's Motions *In Limine***

11

12              (1)    Plaintiff's 1999 Accident.  *Denied in part.  Granted in part* in that the

13   Court will give a limiting instruction.  The parties are to propose a limiting instruction after

14   meeting and conferring.

15

16              (2)    Plaintiff's State of Mind.  *Denied.*

17

18              (3)    Plaintiff's Prior Discipline.  *Withdrawn.  The issue was resolved by*

19   *stipulation.*  The parties submitted the Stipulated Proposed Order Regarding Evidence Of

20   Discipline And Alleged Discrimination Prior to March 30, 2001 on August 10, 2005.  The motion

21   is subsumed by the stipulated order.  Plaintiff seeks a limiting instruction.  The Court will

22   consider a limiting instruction consistent with the Court's ruling that the evidence of prior history

23   of workplace relations shows that not only were they working discharges, but that there was

24   interaction and disagreement between the Plaintiff and Defendant both before and after the 1999

25   accident.  The limiting instruction will explain that the jury cannot consider the prior history to

26   decide the issue of the termination itself because it was not a stated reason for termination.  The

27   parties are to propose a limiting instruction after meeting and conferring.

28

Case No. Civ-F-02-6509 OWW LJO                    -8-                    ORDER RE MOTIONS IN LIMINE

(4) Defamation Claim. *Granted.*

(5) Size and Resources of Defendant and its Legal Representation. *Granted.*

(6) Stray Remarks. *Granted in part.* Plaintiff is precluded from arguing, referencing or introducing evidence regarding (i) Scott Barsarian's alleged comment years prior to Plaintiff's termination: "I don't like Oakland because there are too many people like you there." (ii) purported rumors that someone said that Plaintiff's supervisor, James Wood, called Plaintiff "Wood's whipping boy"; (iii) that a supervisor called Plaintiff "boy."; and (iv) purported rumors that Plaintiff thinks Mr. Wood is prejudiced. *Denied in part* as to Jim Dugan's purported comment that Plaintiff had a "red flag" by his name.

(7) Condition of Tractor No. 204166 Before and After March 29, 2001. *Granted in part.* Plaintiff is precluded from referring to or introducing evidence regarding the condition of the vehicle subsequent to March 30, 2001. *Denied in part* based on Defendant's withdrawal regarding the vehicle's condition prior to March 30, 2001.

(8) Discrimination and Retaliation Against Third Parties. *Granted.*

(9) Hearsay or Speculation. *Denied.* The Court will rule on objections as they are raised.

(10) Other Jury Verdicts Or Lawsuits. *Granted.*

(11) Defendant's Legal Representation. *Granted.*

(12) Wrongdoing or Controversial Acts By Wood. *Granted.*

PDF created with pdfFactory trial version www.pdffactory.com

1              (13)     Lay Opinion Regarding Mechanical Condition of Vehicle. *Granted.*

2 Drivers who are not mechanics may not testify regarding their opinion regarding the condition of

3 the vehicle.  However, they can testify regarding their observations and experience.

4

5              (14)     Plaintiff's Proposed Expert. *Denied* without prejudice.  The Court will

6 entertain a motion regarding Plaintiff's expert's qualifications.  UPS will present the motion.

7

8              (15)     Michael Hoffrage's Observations Regarding Vehicle That Differ From

9 Plaintiff's Complaints. *Denied.*  Plaintiff may present evidence regarding Mr. Hoffrage's

10 observations on March 29-30,2001.

11

12         IT IS SO ORDERED.

13

14 DATED this __17th___ day of _____August_____, 2005

15

16                          /s/ OLIVER W. WANGER

17

18                        _____

                                 THE HONORABLE OLIVER W. WANGER

SF/375516.1

19

20

21

22

23

24

25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com